Dear Ms. Sheeren:
You requested an Attorney General's opinion regarding the use of Special Asset Forfeiture funds. You question whether or not it is proper to use Special Asset Forfeiture funds for the purpose of funding and operating the D.A.R.E. Program in the City of Kenner.
The allocation and use of Special Asset Forfeiture funds is governed by La. R.S. 40:2616(B), which provides for the establishment of a Special Asset Forfeiture Fund where all monies obtained under the provisions of the chapter are to be deposited. It then sets forth as follows:
 The Court shall ensure the equitable distribution of any forfeited property, or of monies under and subject to the provisions of this Subsection, to the appropriate local, state or federal law enforcement agency so as to reflect generally the contribution of the agency's participation in any of the activity that led to the seizure or forfeiture of the property or deposit of monies under and subject to the provisions of this Subsection. The office of the district attorney shall administer expenditures from the fund. The fund is subject to public audit. Money in the fund shall be distributed in the following order of priority:
 (1) For satisfaction of any bona fide security interest or lien.
 (2) Thereafter, for payment of all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising, and court cost.
 (3) The remaining funds shall be allocated as follows:
 (a) Sixty percent thereof to the law enforcement agency or agencies making the seizure, such proceeds to be used in drug law enforcement, *Page 2 
including but not limited to reward programs established by such agencies.
 (b) Twenty percent thereof to the criminal court fund.
 (c)Twenty percent thereof to any district attorney's office that employ the attorney's that handle the forfeiture action for the state. This shall be paid into the district attorney's twelve percent fund to be used for public purposes including, but not limited to use for prosecution, rewards, support and continuing legal education in furtherance of this Chapter, and in regard to Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
In Atty. Gen. Op 94-170 this office found under R.S. 40:2616
that drug asset forfeiture proceeds are to be distributed to the seizing agency, which in that case was the Mamou Police Department. While stating that no portion of this money could be used for anything other than drug law enforcement, it was concluded, "It is our opinion that this forfeited money must be kept separate from the City's general fund and in the complete control of the law enforcement agency making the seizure." Our office has also concluded that the chief of police is the only official authorized to make decisions concerning disbursement of municipal funds allocated to the police department. Atty. Gen. Op. 98-469. See also, Cogswell v. Town of Logansport,321 So.2d 774 (La.App. 1975), wherein the court held that the chief of police has the "power to supervise the operation of the police department and assign its personnel and equipment . . ." Id. at 779.
The allocation or use of Special Asset Forfeiture funds is solely within the discretion of the chief of police, subject to the requirement that the funds must be used for drug law enforcement. We previously opined that there must be a connection between the expenditure and drug law enforcement. Atty. Gen. Op. 93-753. The police chief may use the Special Asset Forfeiture funds for any purpose with a connection to drug law enforcement, including but not limited to: reward programs, payment of salaries of fulltime and/or part-time employees doing strictly drug enforcement work, the purchase of equipment (such as pullet-proof vests, radios, weapons, flashlights, etc.) to be used in drug law enforcement, to purchase or lease office space to be used specifically to further drug law enforcement, to provide adequate lighting in areas known to have frequent illegal drug traffic, and drug rehabilitation programs. See Atty Gen. Op. Nos. 02-10, 03-0190, 98-315, 93-753, 93-499 and 93-165.
As you can see, there are numerous permissible uses for Special Asset Forfeiture funds. As to the funding of a D.A.R.E. Program, we point you to Attorney General Opinion no. 93-753, which addressed the use of Special Asset Forfeiture funds to fund a drug rehabilitation program. Our office concluded:
 . . . it is the opinion of this office that the purpose and intent of the requirement that drug asset forfeiture money be spent on drug law *Page 3 
enforcement is to decrease drug related crime. This purpose can be fulfilled by funding a rehabilitation program for persons who are on probation or incarcerated. The connection between drug use and crime is well established. Therefore, the use of drug asset forfeiture proceeds to reduce drug use fulfills the purpose and intent of La. R.S. 40:2616 (B)(3)(a) by reducing the incidence of drug related crime.
It follows that, if a D.A.R.E. Program reduces drug use, such a program would also fulfill the purpose and intent of La. R.S.40:2616(B)(3)(a) by reducing the incidence of drug related crime. As such, the funding of a D.A.R.E. Program in the City of Kenner would be one permissible use of Special Asset Forfeiture funds.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ________________________ KENNETH L. ROCHE, III Assistant Attorney General